SUGG, Justice,
for the Court:
This is an interlocutory appeal from the decree of the Chancery Court of Alcorn County overruling defendant’s general demurrer.
A. F. Summer, Attorney General, and W. Hampton King, Auditor of Public Accounts, for the State of Mississippi, filed a suit against the members of the Board of Supervisors of Alcorn County and the sureties on their official bonds to recover public funds appropriated and expended by the Board of Supervisors for an object not authorized by law. The suit was filed by virtue of the authority of section 7-7-211 Mississippi Code Annotated (1972). The bill of complaint alleged that the defendants were the duly elected, qualified and acting members of the Board of Supervisors of Alcorn County and in the course of the exercise of their official duties appropriated and expended public funds in the total amount of $1,593.09 for an object not authorized by law. The bill charged that the appropriations were made for payment of gasoline and oil purchased by the defendant, D. C. Mathis, from Exxon Company during the period of time beginning April 6, 1976, and ending April 11, 1977, that the gasoline and oil purchased by Mathis was placed into vehicles not owned by Alcorn County, and that W. Hampton King, on March 8, 1978, made proper demand in accordance with section 7-7-211 upon the individual defendants and their bonding companies for repayment to Alcorn County of the $1,593.09 plus accrued interest. The bill also alleged that the individual defendants were personally liable for the amount of the appropriations and expenditures under the provisions of section 19-13-37 Mississippi Code Annotated (Supp.1978). Section 19-13-37 follows:
(1) If a board of supervisors shall appropriate any money to an object not authorized by law, the members of the board who did not vote against the appropriation shall be liable personally for such sum of money, to be recovered by suit in the name of the county, or in the name of any person who is a taxpayer suing for the use of the county, and such taxpayer shall be liable for costs in such case.
The individual members of all boards of supervisors, boards of trustees and di *931 rectors of public water supply districts and all other special service districts, created and existing under the laws of the State of Mississippi, causing any public funds to be expended, any contract made or let, any payment made on any contract or any purchase made, or any payment made, in any manner whatsoever, contrary to or without complying with any statute of the State of Mississippi, regulating or prescribing the manner in which such contracts shall be let, payment on any contract made, purchase made, or any other payment or expenditure made, shall be liable, individually, and upon their official bond, for compensatory damages, in such sum up to the full amount of such contract, purchase, expenditure or payment, as will fully and completely compensate and repay such public funds for any actual loss caused by such unlawful expenditure.
(2) In addition to the foregoing provision, for any violation of any statute of the State of Mississippi prescribing the manner in which contracts shall be let, purchases made, expenditure or payment made, any public official who shall substantially depart from the statutory method of letting contracts, making payments thereon, making purchases or expending public funds shall be liable, individually and on his official bond, for penal damages in such amount as may be assessed by any court of competent jurisdiction, up to the sum of five thousand dollars ($5,000.00).
(3) Any sum recovered under the provisions hereof shall be credited to the account from which such unlawful expenditure was made.
We are of the opinion that the bill of complaint stated a cause of action and the chancellor properly overruled the demurrer to the bill of complaint.
The defendants, who are the appellants in this Court, have attempted to inject into this case the defense that the gasoline was placed in a vehicle used by thé defendant Mathis while traveling on official business for Alcorn County. This issue was not raised by the pleadings, was not before the trial court, and is not before this Court on appeal. Accordingly, we do not decide this issue but note that there was no statutory-provision for payment of travel expenses for members of boards of supervisors before the legislature adopted Chapter 461, Mississippi General Laws (1977), which took effect on April 13, 1977. Section 19-3-67 Mississippi Code Annotated (Supp.1979).
AFFIRMED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.